UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| AMREYA R.S., | Case No. 19-CV-3042 (NEB/LIB) |
| Petitioner, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION |
| WILLIAM BARR, CHAD WOLF, MATTHEW T. ALBENCE, PETER BERG, ERIC HOLIEN, and MATTHEW AKERSON, | |
| Respondents. | |

This is a habeas action brought under 28 U.S.C. § 2241 by Petitioner Amreya R.S., a removable alien being held in custody by Immigration and Customs Enforcement ("ICE"). (ECF No. 1.) Petitioner requests that she be released with appropriate conditions of supervision, or in the alternative, that she be released within thirty days unless Respondents schedule a bond hearing before an Immigration Judge ("IJ") to determine whether detention should be continued. (*Id*. at 28–29.) In a May 6, 2020 Report and Recommendation, United States Magistrate Judge Leo I. Brisbois recommended that the petition for writ of habeas corpus be granted to the extent it seeks a bond hearing, and that if such hearing does not occur within twenty-one days, that Petitioner be released. (ECF No. 16 ("R&R") at 22–23.) The Federal Respondents filed an objection to the R&R, and Petitioner responded to the objection. (ECF Nos. 17, 18.)

According to statute, the Court must conduct a *de novo* review of any portion of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); *accord* D. Minn. LR 72.2(b)(3). Based on that *de novo* review, and for the reasons that follow, the Court overrules the Federal Respondents' objections, accepts the R&R, and orders that Petitioner be provided with a bond hearing before an IJ within twenty-one days of this Order.

## BACKGROUND

The undisputed facts are set forth in the R&R and are incorporated by reference. In short, Petitioner, a native of Ethiopia, entered the United States in 2012 as a lawful permanent resident. (R&R at 2.) In February 2015, she was convicted of manslaughter in the first degree for her role in the death of her husband. (*Id.*) An IJ ordered Petitioner to be removed to Ethiopia, and the Board of Immigration Appeals ("BIA") affirmed the order of removal and denied her motion to reopen proceedings. (*Id*. at 3–4.) She filed petitions for review of the BIA's decisions with the Eighth Circuit. (*Id*.) The Eighth Circuit granted her a stay of removal pending the resolution of her petition for review. (*Id*. at 4.)

Petitioner filed this petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging her ongoing detention under 8 U.S.C. § 1226(c) and seeking release from custody.[1] (*Id*. at 5.) In the R&R on this habeas petition, Judge Brisbois concluded that

---

[1] Petitioner later filed a second petition for writ of habeas corpus under § 2241, requesting release from Kandiyohi County Jail due to the COVID-19 pandemic. In that case, Magistrate Judge Brisbois issued a report and recommendation in which he recommends

Petitioner's continued detention without a bond hearing would deprive her of her right to due process under the Fifth Amendment. (R&R at 12–19.) Judge Brisbois recommended that the § 2241 petition be granted in part, in that Petitioner be provided with a bond hearing before an IJ, and that the petition be denied with respect to her request for immediate release. (*Id*. at 22–23.)

Soon after the R&R was issued, the Eighth Circuit granted Petitioner's consolidated petitions for review in part, remanding her case for a hearing on whether her conviction was for a "particularly serious crime" under the Immigration and Nationality Act. *Shefa v. Barr*, 803 Fed. Appx. 985, 985 (8th Cir. 2020) (per curiam). The Eighth Circuit noted that these further proceedings before the IJ will enable Plaintiff to continue to pursue relief in the form of T and U visas before the United States Citizenship and Immigration Services, for which she had applied before the IJ ordered her removal. *Id*.

The Federal Respondents filed an objection to the R&R, arguing that 8 U.S.C. § 1231, rather than 8 U.S.C. § 1226(c) applies, and that even if § 1226(c) applies, Petitioner is not entitled to a bond hearing. (ECF No. 17 ("Fed. Obj.").) Petitioner filed a response to Respondents' objection, asserting that the Court should adopt the R&R "expeditiously and without delay, and enter an order that she receive a bond hearing in immigration

---

dismissing the petition. *Amreya R. S. v. Barr*, Case No. 20-CV-856, ECF No. 31 (D. Minn. May 6, 2020). That report and recommendation is under the Court's consideration pending the outcome of Petitioner's bond hearing ordered here.

court by no later than 21 days after the date the R&R is adopted." (ECF No. 18 at 12.) Because no party has objected to the R&R's conclusions that Petitioner's requests for (1) immediate release and (2) establishment of the burden of proof to be demonstrated at the bond hearing should be denied, the Court reviews these conclusions for clear error. *See* Fed. R. Civ. P. 72(b); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam). Finding no clear error, the Court accepts the R&R's conclusions that these requests be denied.

## ANALYSIS

### I. The Statutory Basis for Petitioner's Detention is 8 U.S.C. § 1226

The Federal Respondents argue that Judge Brisbois erred in finding that 8 U.S.C. § 1226(c), rather than § 1231, governs Petitioner's detention. Section 1226 generally governs detention before and during removal proceedings, with § 1226(c) mandating pre-removal detention for aliens who have committed certain crimes. 8 U.S.C. § 1226. Section 1231 governs the detention of aliens who have been ordered removed, and thus, applies during the "removal period." *Id.* § 1231(a)(1)(A). In relevant part, § 1231 provides that the "removal period" begins on the later of (i) the date the order of removal becomes administratively final, or (ii) if the removal order is judicially reviewed, "and if a court orders a stay of the removal," the removal period begins on "the date of the court's final order." *Id.* § 1231(a)(1)(B)(i), (ii).

The Federal Respondents maintain that Petitioner's detention shifted to post-order detention under § 1231 on February 14, 2019, when the BIA dismissed her appeal and her removal order became administratively final. They assert that the Eighth Circuit's issuance of a stay of removal merely paused or suspended Petitioner's removal period, rather than reverted the statutory basis for detention to § 1226.[2] This Court, and other courts in this district, disagree. They have consistently held that where the Eighth Circuit issues a stay of removal, § 1226, rather than § 1231, applies. *E.g., Tua Mene Lebie B. v. Barr*, No. 19-CV-2177 (JNE/HB), 2019 WL 5715703, at *2 (D. Minn. Nov. 5, 2019) (finding § 1226, rather than § 1231, applied because when the Eighth Circuit granted a stay of removal, the stay deferred the start of petitioner's removal period); *Enrique U. R. v. Sec'y of Homeland Sec.*, No. CV 19-1063 (MJD/BRT), 2019 WL 4120149, at *2 (D. Minn. June 17, 2019), *R&R adopted sub nom. Carlos Enrique U.R. v. Barr*, No. CV 19-1063 (MJD/BRT), 2019 WL 4081129 (D. Minn. Aug. 29, 2019) (finding § 1226, not § 1231, applied because the Eighth Circuit's stay of removal order meant that the removal period had not yet begun under § 1231(a)(1)(B)(ii)); *see* R&R at 7–8 (collecting cases).

The Court is unpersuaded by the Federal Respondents' argument that it should disregard case law from this district, and instead, give *Chevron* deference to the BIA's

---

[2] The Federal Respondents acknowledge that if a mandate issues with respect to the Eighth Circuit's recent May 11 order, Petitioner's detention will be governed by § 1226(c). (Fed. Obj. at 2); *see Bah v. Cangemi*, 489 F. Supp. 2d 905, 917 (D. Minn. 2007) (noting that after the Eighth Circuit granted Bah's petition and remanded his case to the BIA, the removal order was no longer administratively final).

5

finding in *In re Joseph*, 22 I. & N. Dec. 660 (BIA 1999).[3] *See Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837 (1984). In *Joseph*, the BIA noted that § 1231 "controls the detention and release of aliens after an administratively final order." *Id.* at 668 (addressing whether an alien remained subject to § 1226(c)(1) for automatic stay purposes after the IJ had decided that he was not). Given the plain language of § 1231, courts have declined to give *Chevron* deference to such administrative findings. *See, e.g., Hechavarria v. Sessions*, 891 F.3d 49, 55 (2d Cir. 2018) (declining to apply *Chevron* deference where the "unambiguous language of the statute makes plain" that the petitioner, who had filed a petition for review and received a stay, could not be detained pursuant to § 1231); *Prieto-Romero v. Clark*, 534 F.3d 1053, 1061–62 (9th Cir. 2008) (declining to apply *Chevron* deference to the BIA's finding in *Joseph*, explaining that "[a]s a matter of text and of logic, § 1231(a) does not provide detention authority over an alien who has been granted a stay of removal pending a court of appeals' resolution of his petition for review of his removal order"); *Enrique*, 2019 WL 4120149, at *2 n.3 (declining to apply *Chevron* deference to the Department of Homeland Security's interpretation that § 1231 governs custody after a removal order becomes final because such deference "is inapplicable when, as here, the plain language of the statute is clear"). The Court agrees with the R&R's conclusion that "a plain reading of § 1231 provides that the authority to presently detain Petitioner cannot

---

[3] The R&R addressed this argument, albeit without citing *Joseph* directly. (*See* R&R at 6 ("Respondents rely on an administrative interim-decision by the BIA in an unrelated matter . . . .").)

derive from § 1231 because Petitioner is not presently within a 'removal period' as that period is defined by § 1231," and therefore declines to defer to the BIA's finding in *Joseph*. (R&R at 8.) Having reviewed the relevant statutes and case law, the Court finds that the authority to detain Petitioner derives from § 1226, rather than § 1231.

## II.     Petitioner Is Entitled to a Bond Hearing

The Federal Respondents also argue that even if § 1226(c) applies, Judge Brisbois erred in applying certain factors set forth in *Muse v. Sessions*, 409 F. Supp. 3d 707 (D. Minn. 2018), to find that Petitioner's detention without a bond hearing was unconstitutional. The Supreme Court has held that detention under § 1226(c) is consistent with the Due Process Clause for the "brief period necessary" required to complete removal proceedings. *Demore v. Kim*, 538 U.S. 510, 513 (2003). But constitutional concerns arise when detention ceases to be brief. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (holding that "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem"). The Supreme Court has rejected using the canon of constitutional avoidance to employ an implicit temporal limitation on pre–removal detention, finding the plain language of § 1226(c) unambiguously "makes clear that detention of aliens within its scope *must* continue 'pending a decision'" on removal. *Jennings v. Rodriguez*, 138 S. Ct. 830, 846 (2018) (emphasis in original). Despite reversing the Ninth Circuit's holding that aliens detained under § 1226(c) were entitled to bond

hearings every six months, *Jennings* did not address whether, at a certain point, prolonged detention implicates the Due Process Clause. *Id*. at 851.

While the Eighth Circuit has not addressed the issue of prolonged detention under § 1226(c) post-*Jennings*, other courts have adopted a fact-based inquiry when determining whether detention is reasonable. (R&R at 12.) In assessing due process challenges to § 1226(c) detentions, courts consider several factors to determine when "continued detention becomes unreasonable and the Executive Branch's implementation of § 1226(c) becomes unconstitutional unless" a bond hearing is provided. *Muse*, 409 F. Supp. 3d at 715 (citation and quotation marks omitted). These factors include: (1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays of the removal proceedings caused by the detainee; (5) delays of the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal. *Id*. Here, Judge Brisbois applied the *Muse* factors and concluded that continuing to detain Petitioner beyond the nineteen months she has already been detained, without a bond hearing, violates her due process rights under the Fifth Amendment. (R&R at 19.)

The Federal Respondents object to the R&R's application of the first and second *Muse* factors: the length of detention to date, and likely length of future duration. The R&R carefully considered relevant case law relating to the length of Petitioner's detention to date and concluded that her detention of "approximately nineteen months . . . without

any bond hearing weighs heavily in favor of granting relief." (R&R at 12–14 (collecting cases).) It also determined that the future length of detention factor supports granting Petitioner relief because she "could easily be detained for another year or more by the time all appeals have been exhausted." (*Id*. at 14–15.)

The Federal Respondents maintain that since entering immigration custody, Petitioner has only been detained for four months without a judicial stay pending her removal, and that "ICE diligently made efforts to execute the removal order during that time." (Fed. Obj. at 4.) They also note that Petitioner has sought nearly every step of administrative and judicial review available. But the fact that ICE diligently sought Petitioners' removal, and that she availed herself of means of relief, thereby slowing the process, is irrelevant. For this analysis, the Court considers the amount of time that has passed "since ICE first took [Petitioner] into custody." *Muse*, 409 F. Supp. 3d at 716 (finding that over 14 months of detention in ICE's custody "strongly favors granting relief"); *see Tao J. v. Sec'y of Dep't of Homeland Sec.*, No. 18-CV-1845 (NEB/HB), 2019 WL 1923110, at * (D. Minn. Apr. 30, 2019) (finding 14.5 months detention weighed in favor of granting relief). Moreover, "[a]n individual who would not normally be subject to extended detention cannot be so detained merely because he exercises his right to appeal." *Tua Mene Lebie B.*, 2019 WL 5715703, at *4 (citing *Ly v. Hansen*, 351 F.3d 263, 272 (6th Cir. 2003)). Given that the Eighth Circuit has remanded Petitioner's case for a hearing, *Shefa*, 803 Fed. Appx. at 985, her removal proceedings are unlikely to conclude

9

soon. (*See* ECF No. 18 at 2–3 & n.1 (asserting Petitioner stands to remain detained many more months and possibly years as her case returns to immigration court and may proceed through administrative and judicial appeals).) "Because Petitioner may be detained for many months before removal proceedings are complete, this factor supports granting relief." *Tao J.*, 2019 WL 1923110, at *3. For these reasons, the Court finds that the first two *Muse* factors weigh in favor of Petitioner.

Finally, the Federal Respondents take issue with the R&R's analysis of the fourth *Muse* factor, *i.e.*, delays of the removal proceedings caused by Petitioner. *See Muse*, 409 F. Supp. 3d at 717 (considering whether petitioner had "engaged in any dilatory tactics" or "merely raised non-frivolous arguments in support of his position"). In addressing this factor, Judge Brisbois noted that the Federal Respondents did not discuss the merits of Petitioner's arguments before the Eighth Circuit. (R&R at 17.) The Federal Respondents insist that they did address the merits, pointing to a page in their response brief which states, "the government has a likelihood of prevailing in the challenge to [Petitioner's] final order of removal, as the Eighth Circuit has already found that a conviction under Minn. Stat. § 609.20(1) constitutes a crime of violence." (ECF No. 8 at 31.) The Court finds this objection inconsequential because after the R&R was issued, the Eighth Circuit granted the petition for review in part, demonstrating that Petitioner had raised non-frivolous arguments in support of her appeal. (*See* R&R at 18; Fed. Obj. at 5 (acknowledging that Petitioner's requests for briefing extensions in connection with her

immigration proceedings were not dilatory tactics, and that their objection is "not entirely relevant" since the petition for review was partially granted).) The Court finds that the fourth *Muse* factor weighs in Petitioner's favor.

For these reasons, the Court overrules the Federal Respondents' objections and the grants the habeas petition as to the request for a bond hearing.

## CONCLUSION

Based upon all the files, records, and proceedings in the above-captioned matter, IT IS HEREBY ORDERED THAT:

1. The Report and Recommendation (ECF No. 16) is ACCEPTED;

2. The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED IN PART and DENIED IN PART;

3. To the extent the Petition seeks immediate release, the Petition is DENIED;

4. To the extent the Petition seeks a bond hearing, the Petition is GRANTED;

5. To the extent the Petition seeks an Order of this Court establishing the burden of proof required to be demonstrated at said bond hearing, the Petition is DENIED; and

6. The immigration judge is required to conduct a bond hearing by **no later than twenty-one (21) days** after the date this Order.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: May 28, 2020                              BY THE COURT:

                                                        s/Nancy E. Brasel
                                                        Nancy E. Brasel
                                                        United States District Judge